IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:06CR242 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| SHAWN B. BIGGS and GAIL A. TIERNEY, | ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 29) issued by Magistrate Judge F.A. Gossett recommending denial of the motion for disclosure of a confidential informant filed by the Defendant, Gail A. Tierney, and joined in by codefendant Defendant, Shawn B. Biggs (Filing No. 17). Tierney filed a statement of objections to the Report and Recommendation and a supporting brief (Filing Nos.34, 35) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

The Defendants are charged in the Indictment with: possession with intent to distribute methamphetamine on or about June 16, 2006 (Count I), forfeiture of a firearm involved or used in the commission of the offense charged in Count I (Count III), and criminal forfeiture of property including the $2,050.00 in United States currency seized from 6300 Arbor Street on June 16, 2006 (Count IV). Count II was deleted from the Indictment by interlineation.

The Defendants seek an order requiring that the government disclose the identity of a confidential informant ("CI"). Following an evidentiary hearing, Magistrate Judge F.A.

Gossett issued a Report and Recommendation[1] in which he recommended denying the motion. Judge Gossett issued oral findings of fact and conclusions of law immediately after the hearing. Judge Gossett concluded: the Defendants did not establish "beyond mere speculation" that the informant's identity must be disclosed, that the information sought is material to the charged offense, or that disclosure of the CI's identity will affect the Defendants' opportunity to have a fair trial. On the basis of these determinations, Judge Gossett recommended that the motion be denied.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court shall make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

The Court has considered the transcript of the hearing conducted by the Magistrate Judge (Filing No. 31). The parties did not offer live testimony or documentary evidence.[2] Based on the Court's de novo review of the record, the Court overrules Judge Gossett's factual findings insofar as they rely on the affidavit and application for the search warrant, and otherwise adopts his factual findings.

---

[1] Judge Gossett's ruling would have been proper as an order. However, because it was filed as a report and recommendation, it will be addressed accordingly.

[2] Attached to the government's response to the motion is the affidavit and application for issuance of the search warrant that led to the filing of the Indictment. (Filing No. 27-2.) However, pursuant to our local rules evidentiary materials may not be attached to briefs. NECrimR 12.3(b)(2). Therefore, the evidence consists of the parties' proffers. (Tr. 3-4.)

**DISCUSSION**

The Defendant objects to all of Judge Gossett's legal conclusions. The objections are supported by a brief that generally addresses the issue of disclosure of the CI's identity.

The identity of a CI must be disclosed if the informant's testimony would be relevant and helpful to the defense. Courts must balance the public interest in protecting the information against the defendant's right to prepare a defense. *Rovario v. United States,* 353 U.S. 53, 62 (1957). All relevant circumstances should be considered, including the crime charged, possible defenses, and the potential significance of the CI's testimony. *Id.* The defendant bears the burden of showing a need for disclosure, including some indication that the CI's identity is necessary for a fair trial. *United States v. Crenshaw,* 359 F.3d 977, 1005 (8th Cir. 2004).

The Defendants have not sustained their burden of showing that the CI's identity is necessary, or even relevant to the defense. The Defendants' argument is based on speculation, and there has been no showing that the CI is familiar with the particular offense charged in the Indictment. The Court is not persuaded by the argument that the CI's expected testimony that Tierney was not present during a drug deal not charged in the Indictment is necessary or relevant to the defense.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 29) is overruled insofar as the Magistrate Judge's findings of fact are based on the affidavit and application for a search warrant, and otherwise the Report and Recommendation is adopted;

2.	The Statement of Objections to the Report and Recommendation filed by the Defendant, Gail A. Tierney, (Filing No. 34) is denied; and

3.	The Defendants' Motion for Disclosure of Confidential Informant (Filing No. 17) is denied.

DATED this 8th day of November, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge